The Honorable Max Howell State Senator Arkansas State Capitol Little Rock, AR 72201
Dear Senator Howell:
This is in response to your opinion request wherein you posed the following inquiries relating to the involuntary commitment of individuals directly to the State Hospital.
1. In the event a family member brings the respondent directly to the State Hospital, and the State Hospital finds grounds to detain that individual, may the family file a petition in Pulaski County Probate Court to initiate involuntary commitment in this county?
2. In the event a law enforcement official in another county physically restrains the respondent, and transports him to the State Hospital, and the State Hospital finds grounds to detain the person, may representatives of the respondent's family, or representatives of the State Hospital, file a petition for involuntary commitment in Pulaski County Probate Court?
3. Under the circumstances outlined in Questions 1 and 2 above, does the State Hospital representative, or family member, have 72 hours from first contact with the patient to file the "original petition?"; and, is there an additional 72 hours allowed, subsequent to filing the original petition, in which to conduct an "initial hearing?"
4. May the Office of the Prosecutor Coordinator, pursuant to Section 1413, and Section 1406, assuming individuals in that office are properly deputized by the Pulaski County Prosecuting Attorney's Office, prosecute such "initial hearings?"
It is the opinion of this Office that the answer to both of the questions contained in your first inquiry is yes.
Pertinent to this inquiry are Ark. Stat. Ann. 59-1404.A and Ark. Stat. Ann. 59-1407(a) which provide as follows:
 59-1404.A. Written Petition — Venue. Any person having reason to believe that a person is homicidal, suicidal or gravely disabled as defined by this Act [59-1401 — 59-1424] may file a verified petition with the Clerk of the Probate Court of the county in which an alleged mentally ill person resides or is initially detained.
59-1406.(a) Immediate confinement — Initial evaluation and treatment. Whenever it appears that a person is homicidal, suicidal, or gravely disabled, as defined in Section 1 [59-5401] of this Act, and immediate confinement appears to be necessary to avoid harm to such person or others, an interested citizen may take said person to a hospital or community mental health center or clinic or state mental health facility. If no other safe means of transporting such individual is available, it shall be the responsibility of the sheriff of the county in which the individual is physically present to transport the individual. A petition as provided in Section 4 [59-1404] of this Act shall be filed in the Probate Court of the county in which the person resides or is detained within seventy-two (72) hours, and a hearing as provided in Section 5(a)(1) [59-1405(a)(1)] of this Act shall be held.
These two sections make clear that the Pulaski County Probate Court is the proper location to initiate involuntary commitment proceedings for an individual brought to the State hospital by family members.
The above statutory provisions are also pertinent to your second inquiry. The distinction created by your second inquiry is the fact that the individual is detained at the place where he is physically restrained by a law enforcement officer. Under Ark. Stat. Ann. 59-1404.A, if the initial detention is not in Pulaski County an argument could be presented that the petition for involuntary commitment should be filed wherein the individual was first detained. Ark. Stat. Ann. 59-1406(a), however, would allow the petition to be filed by either family members or the State Hospital once the individual was detained in Pulaski County.
In order to read these two statutes together, a liberal interpretation is required. Such an interpretation would allow the filing of a petition in Pulaski County after an individual is brought there by law enforcement officials. The overriding concern is that the individual is afforded procedural due process which requires the filing of the petition within 72 hours regardless of the county in which filing takes place.
It is the opinion of this Office that the answer to your third inquiry is no.
Again, pertinent to this inquiry is the requirement in Ark. Stat. Ann. 59-1406(a) which stipulates that the petition be filed within 72 hours of the time an individual is detained and the requirement that a hearing be held as provided in Ark. Stat. Ann. 59-1405(a)(1). This latter statutory provision requires that the initial hearing be held within three days of the filing of the original petition. Thus, it might appear that authorities have 72 hours in which to file the original petition and a subsequent 72 hours in which to conduct the initial hearing.
It is the opinion of this Office that a six-day period would not be consistent with an individual's substantive due process rights. For direction in reaching this conclusion, attention has been focused on the case of Wessel v. Pryor, 461 F. Supp. 1144 (E.D.Ark. 1978). In that case, the State agreed to certain constitutionally accepted procedures to be followed pending legislative action which ultimately gave rise to the statutes referred to above. In that opinion no reference is ever made to a period longer than 72 hours. Hence, this Office must conclude that to interpret Arkansas' involuntary commitment laws to allow six days prior to an individual being provided a hearing would raise serious constitutional questions.
It is the opinion of this Office that the answer to your fourth inquiry is yes.
Ark. Stat. Ann. 59-1413 provides that the prosecuting attorney's office in the county where the petition is filed must represent the petitioner at all hearings held before the probate court. This Office can see no reason why an individual in the Office of the Prosecutor Coordinator could not be deputized by the Prosecutor to perform this function.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General C. Randy McNair III.
Sincerely,
Steve Clark Attorney General
JSC:CRM:jk